UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
In re Application of APR Energy Holdings :
Limited for Judicial Assistance in Obtaining : Docket No.: 17 MISC 143
Evidence in this District for Use in a Foreign :
and International Proceeding Pursuant to 28 :
U.S.C. § 1782 :
:
------------------------------------------------------------ x

### [*proposed*] ORDER GRANTING APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE IN THIS DISTRICT FOR USE IN A FOREIGN AND INTERNATIONAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782

This matter comes before the Court on the *ex parte* Application of APR Energy Holdings Limited ("APR"), for Judicial Assistance in Obtaining Evidence in this District for Use in a Foreign and International Proceeding Pursuant to 28 U.S.C. § 1782 (the "Application"), which seeks documents from Australia and New Zealand Banking Group Limited ("ANZ Bank") in connection with an arbitration proceeding initiated by APR and its affiliate entities[1] against the Commonwealth of Australia ("Australia") pursuant to the Arbitration Rules of the United Nations Commission on International Trade Law (2013) and the Australia-United States Free Trade Agreement ("AUSFTA") arising out of Australia's alleged violations of the AUSFTA.

The Court, having fully considered the papers on file and submitted herewith, and good cause appearing, it is hereby ordered that:

1. The Application is **GRANTED**.

2. Applicant is hereby granted leave to issue a subpoena for documents in substantially the same form attached as Exhibit B to the Application (the "Subpoena"), directing ANZ Bank to produce the documents requested in the Subpoena to Applicant at the offices of

---

[1] Power Rental Asset Co Two, LLC ("Asset Co") and Power Rental Op Co Australia, LLC ("Op Co").

counsel for Applicant, 200 South Biscayne Boulevard, Suite 4100, Miami, Florida 33131, or at the ANZ Bank office at 277 Park Avenue, 31st Floor, New York, New York 10172.

3. ANZ Bank shall respond to the Subpoena within thirty (30) days of service of the Subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Southern District of New York.

4. Until further order by this Court, ANZ Bank shall preserve all documents and evidence, electronic or otherwise, in its possession, custody, or control that contain information potentially relevant to the subject matter of Applicant's document requests as listed in the Subpoena. Any evidence produced by ANZ Bank in response to the Subpoena shall not be filed with this Court absent leave of Court.

5. Applicant is further authorized to serve additional subpoenas for documents and/or depositions, fifteen days after filing a Notice of Intent to Serve Subpoena and absent any unresolved objection thereto, on ANZ Bank, and/or any other person residing or found within the Southern District of New York likely to have relevant evidence to be used in the foreign and international proceeding.

**ORDERED** this 28 day of April, 2017.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re Application of APR Energy Holdings                     :
Limited for Judicial Assistance in                           :  Docket No.: _____
Obtaining Evidence in this District for Use                  :
in a Foreign and International Proceeding                    :
Pursuant to 28 U.S.C. § 1782                                 :
                                                             :
                                                             x
------------------------------------------------------------

## SUBPOENA DUCES TECUM

To:   **Australia and New Zealand Banking Group Limited**
      277 Park Avenue, 31st Floor
      New York, New York 10172

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material set forth in Schedule 1, "Attachment to Subpoena."

| PLACE: | DATE AND TIME: |
|---|---|
| Shutts & Bowen LLP | **May ___, 2017** |
| 200 South Biscayne Boulevard, Suite 4100 Miami, Florida 33131 | **at 10:00 a.m.** |
| OR | **See Schedule A below** |
| Australia and New Zealand Banking Group Limited | |
| 277 Park Avenue, 31st Floor, New York, New York 10172 | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PREMISES: | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____            _____
                                          Peter H. Levitt
                                          *Attorney for APR Energy Holdings Limited*

The name, address, e-mail address, and telephone number of the attorney representing APR Energy Holdings Limited are:

>Peter H. Levitt
>SHUTTS & BOWEN LLP
>200 South Biscayne Boulevard, Suite 4100
>Miami, Florida  33131
>Tel. (305) 415-9447
>Fax: (305) 415-9847
>plevitt@shutts.com

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
|  |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                       DATE                                           SIGNATURE OF SERVER

                                                           _____
                                                                   ADDRESS OF SERVER

                                                           _____

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A – DOCUMENTS REQUESTED

**DEFINITIONS**

    A.    As used herein, the singular of any word or phrase includes the plural and the plural includes the singular.

    B.    "Company" means Australia and New Zealand Banking Group Limited ("ANZ Bank").

    C.    "Document" means any printed, written, typed, recorded or computer-stored text or data and includes, without limitation, all letters, electronic mail, faxes, memoranda, reports, studies, analyses, appraisals, forecasts, valuations, summaries, accounting records, financial records, banking records, loan payment records, loan documents, security documents, agreements, contracts, leases, deeds, transcripts, minutes, spreadsheets, data files, and all other materials within the scope of Federal Rule of Civil Procedure 34(a)(1)(A).

    D.    "Entity" means any corporation, company, partnership, business, limited liability company, trust, or entity of any kind.

    E.    "ANZ Bank" means Australia and New Zealand Banking Group Limited and includes any predecessors, successors, officers, directors, agents, servants, and employees or anyone acting for it or on its behalf.

    F.    Unless otherwise indicated, the requests herein refer to the time period starting on March 1, 2013 through and including March 31, 2014.

**DOCUMENTS REQUESTED**

1. ANZ Bank's complete loan file or files relating to any and all credit facilities or loans issued by or in favor of Forge from March 1, 2013 to the present.

2. All loan agreements, security agreements, promissory notes, security instruments, registration statements and other loan and security documents between ANZ Bank and Forge Group Power Pty Ltd or any of the Forge Group Companies ("Forge").

3. All Documents evidencing or reflecting communications between ANZ Bank and Forge during the period from March 1, 2013 through and including March 31, 2014 relating to or concerning Forge's financial condition and/or its ability to repay any loan facility.

4. All Documents evidencing or reflecting any communications between ANZ Bank and Forge concerning ANZ Bank's acquisition of a security interest in any of the assets of Forge or the granting to ANZ Bank by Forge of any registrations.

5. All Documents evidencing or reflecting any studies, valuations, or analyses performed by ANZ Bank or obtained by ANZ Bank during the period from March 1, 2013 through and including December 31, 2013 concerning Forge's financial

condition, solvency, the value of its assets, the extent of its liabilities or its ability to repay any loan facility made available by ANZ Bank.

6. All Documents evidencing any investigations or searches made by ANZ Bank at any time during the year 2013 concerning registrations recorded or obtained by others in respect of any assets of Forge.

7. All Documents evidencing any communications by ANZ Bank or on ANZ Bank's behalf with any party concerning or relating to four TM 2500+ gas turbine generator sets and associated equipment (the "Turbines") provided to Forge by General Electric International, Inc. ("GEI").

8. All Documents provided to ANZ Bank by Forge concerning or relating to the Turbines or any agreement entered into by Forge with GEI for the delivery or lease of the Turbines.

9. All Documents evidencing or reflecting any information provided to ANZ Bank by Forge, or otherwise obtained by ANZ Bank, concerning the shipment or delivery of the Turbines to Forge.

10. All Documents evidencing or reflecting any information provided to ANZ Bank by Forge or otherwise obtained by ANZ Bank, at any time in 2013, concerning the status of construction and/or operations at the Horizon Power Facility located in South Hedland, New South Wales, Australia.

11. All Documents evidencing or reflecting any statement made to ANZ Bank by Forge concerning the Turbines provided by GEI.

12. All Documents prepared by ANZ Bank or received by ANZ Bank during the time period from March 1, 2013 through January 31, 2014 discussing or referring to the possibility of Forge taking any of the following actions: (a) dissolution, (b) winding up, (c) insolvency administration, (d) receivership, (e) liquidation, (f) reorganization, (g) financial restructuring, (h) bankruptcy proceeding.

13. All Documents evidencing, reflecting or referring to any discussions concerning the timing of any of the following actions: (a) appointment of administrators, (b) appointment of receivers, (c) appointment of liquidators, (d) voluntary administration, (e) receivership, (f) liquidation.

14. All audit reports, financial reviews, review statements, financial analyses, and asset valuations concerning Forge that were created or received by ANZ Bank during 2013.

15. All memorandums, notes, minutes, summaries or agendas in respect of any meeting ANZ Bank participated in with any representative of Forge in the second half of 2013 at which Forge's financial condition was discussed.

16. All Documents reflecting or evidencing any communications between ANZ Bank and KordaMentha Pty Ltd, Scott Langdon, Mark Mentha and/or any officer or employee or other representative of Korda Mentha Pty Ltd ("KM") concerning the Power Generation Facility.

17. All Documents reflecting or evidencing any communications between ANZ Bank and KM concerning the failure of any creditor of Forge or any provider of equipment or other materials to Forge or of any lessor to Forge or lender to Forge to record a registration as authorized by the Personal Property Securities Act.

18. All Documents evidencing or reflecting any communications or discussions between ANZ Bank and Forge regarding ANZ Bank's ability to assert a lien on the Power Generation Facility or Forge's ability to retain the Power Generation Facility, in insolvency, as its own asset.

19. All Documents evidencing or reflecting any contract between Forge and GEI for the rental of or use of the Power Generation Facility.

20. All Documents evidencing or reflecting any communications between ANZ Bank and GEI regarding the Power Generation Facility.

21. All Documents evidencing or reflecting any valuation of the Power Generation Facility prepared by or for ANZ Bank, Forge or KM at any time in 2013 or 2014.

22. All Documents evidencing or reflecting any communication or discussion concerning the interest of any of the following parties in the Power Generation Facility: (a) General Electric Company, (b) GEI, (c) APR Energy Holdings Limited, and (d) any affiliate of APR Energy Holdings Limited.

23. Any analyses, reviews, studies or reports prepared by or for ANZ Bank, or obtained by ANZ Bank, concerning assets in possession of Forge that became subject to ANZ Bank's security interest as a result of the non-recording by the counter-party to Forge of a registration statement.

24. All reports, studies, analyses, audits, field exams and reviews prepared by or for ANZ Bank or the Receivers dated in the period from March 1, 2013 through December 31, 2013 concerning Forge or affiliates.

25. All financial analyses of Forge or any of the Forge Group Companies prepared by or for ANZ Bank during the period from March 1, 2013 through December 31, 2013.

26. All documents evidencing, reflecting, discussing or referring to the Power Generation Facility that were sent or received by ANZ Bank (or any person acting for ANZ Bank) during the period from March 1, 2013 through December 31, 2013.

27. All documents reflecting, evidencing or constituting any communication between the Receivers and Forge concerning the commencement of a voluntary administration or the appointment of Receivers or Managers.

28. All documents evidencing the contractual relationship between ANZ Bank and the Receivers including any engagement agreements, retention agreements, terms, deeds or directions.

29. All documents reflecting, evidencing or constituting any communication between ANZ Bank (or any party acting for or on behalf of ANZ Bank) and Forge relating to the Rental Agreement.